**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CARLOS ABELLA,

    Petitioner

v.                                                 CASE NO. 8:05-CV-917-T-30TBM
                                                          8:01-CR-228-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in the Federal penal system proceeding *pro se,* initiated this cause of action by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2005),[1] and finds, for reasons set forth below, that service of the motion is not required.

**Background**

A jury found Petitioner guilty of conspiracy to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II), and 21 U.S.C. § 846 (Count One) and attempted possession with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a controlled substance, in violation

---

[1] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

of 21 U.S.C. §§ 841(a)(1) and  (b)(1)(A)(ii)(II), 21 U.S.C. § 846, and 18 U.S.C. § 2 (Count Two), on August 14, 2001 (Dkt. 63).  On November 29, 2001, Petitioner was sentenced as to each count to a term of 151 months imprisonment, to be followed by a 60-month term of supervised release, with the sentences to run concurrently (CR Dkt. 91).  Judgment was entered on November 30, 2001 (CR Dkt. 92).   Petitioner's judgment of conviction was affirmed on direct appeal on July 12, 2002 (CR Dkt. 131).

In the instant motion, filed May 9, 2005, Petitioner moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).  Petitioner asserts the following claim in support of his motion:

> [Petitioner's] original base offense level yield at level 32, given rise to his jury conviction for conspiring to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(ii).  However, the sentencing court then increased [Petitioner's] offenses level by 2 additional point[s] pursuant to his alleged obstruction of justice . . . without the finding [of] a jury and without being listed in the indictment. . . . [Petitioner] submits that, [sic] the underlying facts used to enhance his base offense level by 2 additional points under U.S.S.G. § 3C1.1 for allegedly constructing [sic] justice were neither charged by the grand jury, submitted to a petit jury, nor admitted by [Petitioner].  Hence, the additional 2 points were unconstitutionally applied by this court in violation of *Blakely*.[2]

CV Dkt. 1 at 10 (footnote added).  For reasons set forth below, the Court finds that Petitioner fails to state a viable claim for relief under § 2255.

### Evidentiary Hearing

The Court has carefully reviewed the record and concludes that Petitioner is not entitled to an evidentiary hearing. "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior

---

[2] *Blakely v. Washington*, 542 U.S. 296 (2004).

proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. § 2255). Accordingly, no hearing is required when the record establishes that a § 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991). The Court finds that an evidentiary hearing is not required in this matter. *See Jones v. United States*, 304 F.3d 1035, 1045 n.18 (11th Cir. 2002); *In re Boshears,* 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required for [a] § 2255 motion where 'the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)).

### Discussion

Petitioner filed his § 2255 motion on May 5, 2005 (CV Dkt. 1). Petitioner's motion is premised on two recent Supreme Court's holdings culminating in a finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee of the right to a jury trial. *See United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005); *Blakely v. Washington*, 542 U.S. 296 (2004).

On February 17, 2005, the Eleventh Circuit entered a decision in *Varela v. United States* addressing the applicability of the Supreme Court's decision in *Blakely* and *Booker* to cases on collateral review, holding that:

> While neither this Court nor the Supreme Court has addressed the retroactivity of *Blakely* or *Booker* in the context of a § 2255 motion, the Supreme Court's recent decision in *Schriro v. Summerlin,* 542 U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is essentially dispositive. In *Schriro,* the Supreme Court concluded that the new requirement in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like *Blakely* and

*Booker,* is an application of *Apprendi*'s principles, does not apply retroactively to cases on collateral review. *Schriro,* 124 S.Ct. at 2526-27.

In *Ring,* the Supreme Court concluded that an Arizona law was unconstitutional under *Apprendi* because it placed in the hands of the judge the power to find any one of ten aggravating factors necessary to trigger the death penalty. The Supreme Court in *Ring* concluded that the Sixth Amendment gave a defendant the right to have a jury find such aggravating sentencing factors beyond a reasonable doubt. *Ring,* 536 U.S. at 609, 122 S.Ct. at 2443.

In *Schriro,* the Supreme Court analyzed the *Ring* rule under *Teague,* and concluded that *Ring*'s jury requirement on aggravating sentencing factors was a new rule of criminal procedure and not a substantive rule. *Schriro,* 124 S.Ct. at 2523. The Supreme Court noted that *Ring* did not alter the range of conduct that the Arizona law subjected to the death penalty. Instead, "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." *Id.* The Supreme Court then stated that "[r]ules that allocate decisionmaking authority in this fashion are *prototypical procedural rules.* ..." *Id.* (emphasis added).

The Supreme Court's statements in *Schriro* regarding the *Ring* rule also apply to *Booker.* In *Booker,* a majority of the Supreme Court, in an opinion authored by Justice Stevens, concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756; *In re Anderson,* 396 F.3d 1336, at 1339 (11th Cir. 2005). Similar to the constitutional rule announced in *Ring,* the constitutional rule announced in *Booker* is a "prototypical procedural rule[]." *See Schriro,* 124 S.Ct. at 2523.

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro,* 124 S.Ct. at 2524 (quotation marks and citations omitted). In *Schriro,* the Supreme Court noted that "[t]he right to jury trial is fundamental to our system of criminal procedure," but the Court ultimately held that *Ring*'s "jury-not-judge" rule was not a "watershed rule[ ] of criminal procedure" to be applied retroactively. *Id.* at 2526. We now join the Seventh Circuit in concluding that the same is true of *Booker. McReynolds v. United States,* 397 F.3d 479, at 480 (7th Cir. 2005) (concluding that *Booker* does not apply retroactively to cases on collateral review and stating that "[a]lthough the Supreme Court did not address the

> retroactivity question in *Booker,* its decision in *Schriro v. Summerlin,* 542 U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is all but conclusive on the point").
>
> Therefore, as the Supreme Court concluded in *Schriro,* we conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review. *See Schriro,* 124 S.Ct. at 2526-27.

400 F.3d 864, 867-68 (11th Cir. 2005) (footnote omitted). Applying the holding in *Varela*, the Court finds that Petitioner fails to state a viable claim for relief under § 2255.

### Conclusion

The Court finds that because "it plainly appears from the face of the motion . . . and the prior proceedings in the case that the movant is not entitled to relief," the motion is subject to summary dismissal. *See* Rule 4(b), Rules Governing Section 2255 Proceedings (2005). For reasons set forth above, it is not necessary to address Petitioner's request for equitable tolling of the one-year limitations period applicable to § 2255 motions.

**ACCORDINGLY**, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (Case No. 8:05-CV-917-T-30TBM, Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh